PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DON ELVIS WRIGHT, | ) |
| | ) CASE NO. 5:19CV572 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *et al.,* | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendants. | ) |

An Administrative Law Judge ("ALJ") denied Plaintiff Don Elvis Wright's request for retroactive award[1] of surviving divorced spouse's benefits. The claimant sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On December 23, 2019, the magistrate judge submitted a report recommending that the Court affirm the Commissioner's decision. ECF No. 22 (Report and Recommendation). Plaintiff filed an objection to the Report and Recommendation. ECF No. 23. The government responded in opposition. ECF No. 24. Plaintiff replied. ECF No. 25. For the reasons that follow, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and affirms the decision of the Commissioner of Social Security.

---

[1] Plaintiff seeks benefits starting two years before the date of his application for Social Security retirement benefits.

(5:19CV572)

# I. Introduction

Plaintiff was married to C.E. Sieber until they divorced in 1988. ECF No. 12 at PageID #: 172, 578. Sieber passed away in 2005. *Id.* at PageID #: 172. After Plaintiff's ex-wife died, Plaintiff's former sister-in-law received Social Security Form SSA-1724[2] and the funeral director received Social Security Form SSA-721[3] but neither properly filled out either form. *Id.* at PageID #: 143.

In 2008, Plaintiff went to a Social Security field office seeking a new Social Security card because he changed his middle name. *See id.* at PageID #: 261, 267. During this visit, he did not inquire nor did the agency employee speak with him about Social Security retirement benefits or his eligibility for any benefits. *Id.* at PageID #: 144.

In January 2009, Plaintiff filed an application for all the Social Security retirement benefits he was entitled to receive. *Id.* at PageID #: 147-50. In May 2017, the Commissioner determined that an agency employee misinformed Plaintiff when he applied in 2009 regarding

---

[2] This Social Security form is provided for claims for amounts due in the case of a deceased Social Security recipient. ECF No. 12 at PageID #: 508-10. The form is used to identify individuals "who would receive any payments that were *due to the deceased individual* at the time of her death under [42 U.S.C. § 404] not those individuals [who] may be eligible for their own monthly survivor benefits under [42 U.S.C. § 402(f)(1)]." ECF No. 21 at PageID #: 653 n.4. In addition, the form asks for information regarding a "surviving widow" but says nothing about divorced individuals. ECF No. 12 at PageID #: 508. Although filling out the entire form is mandatory in order to receive benefits, the instructions make clear that filling out the form itself is voluntary. *Id.* at PageID #: 507, 510.

[3] This Social Security form entitled "Statement of Death by Funeral Director" asks the funeral director to fill out the name of the deceased's widow or widower, if known. ECF No. 12 at PageID #: 511. This form also indicates that filling out the form is voluntary. See *id*.

2

(5:19CV572)

what benefits were available and most beneficial to him. *Id.* at PageID #: 143, 204-05. Due to this error (made in 2009), the Commissioner retroactively applied the surviving divorced spouse's benefits based on his ex-wife's record back to January 2009, the date when he applied for Social Security retirement benefits. *Id.*

Following the Commissioner's determination, Plaintiff sought to extend the retroactive application of his surviving divorced spouse's benefits for the two years before 2009. *Id.* at PageID #: 143. In support of his request, Plaintiff maintained that: (1) Plaintiff's sister-in-law's and the funeral director's failure to properly fill out the Social Security forms prevented him and the agency from being aware of his eligibility for surviving divorced spouse's benefits; and (2) an agency employee misinformed Plaintiff regarding his eligibility for surviving divorced spouse's benefits when he applied for a new Social Security card in 2008.

The ALJ denied Plaintiff's request for further retroactive application of the surviving divorced spouse's benefits. *Id.* at PageID #: 145. The ALJ found that although the forms were not fully completed by Plaintiff's former sister-in-law and the funeral director, neither of these individuals had a duty to inform the Commissioner that Plaintiff had a potential claim. *Id.* at PageID #: 144. The ALJ also found that the agency employee who assisted Plaintiff secure a new Social Security card in 2008 had no affirmative duty to ask about Plaintiff's potential status as a surviving divorced spouse. *See id.* In addition, the ALJ noted that his decision does not actually address the issue of whether Plaintiff was eligible for surviving divorced spouse's benefits during the two years prior to his application, but without any error, earlier benefits cannot be now retroactively awarded. *Id.*

3

(5:19CV572)

Appealing that decision, Plaintiff argues: (1) the agency's misinformation led to him applying for benefits later than he would have; (2) his former sister-in law and the funeral director precluded him from being aware of his potential claim to surviving divorced spouse's benefits during the relevant time period by not properly filling out the Social Security forms; (3) an agency employee misinformed him in 2008 when he applied for a new Social Security card; (4) the ALJ improperly denied his request to call and subpoena witnesses at the hearing.

Magistrate Judge Baughman recommended that the Commissioner's decision be affirmed. ECF No. 22 at PageID #: 660.

## II. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

4

(5:19CV572)

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative decisionmakers. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

### III. Discussion

#### A. Agency Misinformation

Plaintiff contends that the Social Security agency employee, and the agency itself, erred by failing to inquire about his eligibility for surviving divorced spouse's benefits when he applied for a new Social Security card due to a name change in 2008. A party is entitled to relief if he

5

(5:19CV572)

can demonstrate that he applied for benefits later than he would have because the agency employee or the agency itself misinformed him. 42 U.S.C. § 402(j)(5); 20 C.F.R. § 404.633(c). But Plaintiff has provided no evidence that either the agency or its employees provided any misinformation to him regarding surviving divorced spouse's benefits before his 2009 application for Social Security retirement benefits. Moreover, in order for Plaintiff to obtain the judicial relief he seeks, he must show that he informed the agency during the two years prior to 2009 that he was seeking such benefits. *See* 20 C.F.R. § 404.633(c)(4) ("The misinformation must have been provided to you *in response to a specific request by you to us for information about your eligibility for benefits* . . . for which you were considering filing an application.") (emphasis added). Plaintiff admits that he asked for a new Social Security card but never inquired about his eligibility for surviving divorced spouse's benefits when he went to the Social Security office in 2008. *See* ECF No. 22 at PageID #: 664. Without Plaintiff affirmatively indicating he was interested in such benefits during that visit, the agency employees would have had no reason to inquire about his eligibility for Social Security benefits. *See id*; ECF No. 12 at PageID #: 144. Because there was no misinformation and Plaintiff did not affirmatively ask whether he qualified for surviving divorced spouse's benefits, he cannot demonstrate that either the agency or an agency employee misinformed him.

**B. Former Sister-in-Law and Funeral Director**

Plaintiff asserts that the Commissioner was unaware of his eligibility for surviving divorced spouse's benefits before he applied in 2009 because his former spouse's sister-in-law and the funeral director did not properly fill out the Social Security forms the Commissioner gave

6

(5:19CV572)

them. In turn, Plaintiff did not apply for benefits until 2009 and insists that he would have applied earlier had he been notified that he was eligible for those benefits. The magistrate judge correctly determined that neither the sister-in law nor the funeral director had an affirmative duty to provide an accurate form in order to ensure that Plaintiff received surviving divorced spouse benefits. *See* ECF No. 22 at PageID #: 663. Furnishing the information to the agency was voluntary for both Social Security forms. *See* ECF No. 12 at PageID #: 510, 11. Moreover, as Magistrate Judge Baughman noted, the funeral director would have been unlikely to list Plaintiff as a widow on the SSA-721 form because Plaintiff had been divorced from his deceased wife for over two decades before her death. *See* *id.* at PageID #: 144.

### C. ALJ's Denial of Request to Subpoena Witnesses

Plaintiff also claims that the ALJ should have permitted him to subpoena witnesses at the administrative hearing. The Court reviews the ALJ's denial of a request for a subpoena for abuse of discretion. *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 403 (6th Cir. 2016). As Magistrate Judge Baughman found, the need for witnesses was immaterial because there was no dispute over the facts regarding Plaintiff's appeal. *See* 20 C.F.R. § 416.1450(d)(2) (providing that the claimant must "indicate why these facts could not be proven without issuing a subpoena.") Against this background, the ALJ did not err.

Besides the original witnesses Plaintiff raised on appeal, he argues for the first time in his objection that he should have been provided the opportunity to call other witnesses. ECF No. 23 at PageID #: 672, 674. He did not raise this argument regarding these additional witnesses with the magistrate judge. The Court may not consider any objections that were not properly raised

7

(5:19CV572)

with the magistrate judge. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 (6th Cir. 2019) (citing *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000)). Accordingly, the Court does not consider this portion of Plaintiff's objection.

### IV. Conclusion

For the reasons discussed above, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and affirms the finding of the Commissioner of Social Security.

IT IS SO ORDERED.

   March 13, 2020                                              */s/ Benita Y. Pearson*
Date                                                          Benita Y. Pearson
                                                               United States District Judge